# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

Case No.   EDCV 13-00462-VAP (DTBx)                   Date:  March 26, 2013

Title:      GUGLIELMELLI -*v*- WELLS FARGO BANK, N.A., et al.
================================================================
PRESENT:         HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR                ATTORNEYS PRESENT FOR
PLAINTIFFS:                          DEFENDANTS:

        None                                 None

PROCEEDINGS:          MINUTE ORDER (1) VACATING THE ORDER TO SHOW
                      CAUSE; (2) DISSOLVING THE TEMPORARY
                      RESTRAINING ORDER; AND (3) DENYING PLAINTIFF'S
                      REQUEST FOR A PRELIMINARY INJUNCTION (IN
                      CHAMBERS)

        Before the Court is an Order to Show Cause Re: Preliminary Injunction
("OSC").  This matter came before the Court for hearing on March 25, 2013.  The
Court has considered all papers filed in support of, and in opposition to, the OSC,
and the arguments put forth at the hearing, and for the reasons set forth below, the
Court VACATES the order to show cause, DISSOLVES the temporary restraining
order, and DENIES Plaintiff's request for a preliminary injunction.

## I. BACKGROUND

MINUTES FORM 11                          Initials of Deputy Clerk ___md____
CIVIL -- GEN                   Page 1

EDCV 13-00462-VAP (DTBx)
DENA GUGLIELMELLI, AN INDIVIDUAL v. WELLS FARGO BANK, N.A., ETC., ET AL.
MINUTE ORDER of March 26, 2013

## A.     Procedural Background

On March 12, 2013, Plaintiff Dena Guglielmelli filed a complaint against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and NDEx West, LLC ("NDEx") (collectively, "Defendants") (Doc. No. 1) ("Complaint").  Plaintiff alleged six claims: (1) violation of the Homeowner Bill of Rights against all Defendants ("First Claim"); (2) unfair business practices under Cal. Bus. & Prof. Code § 17200 against all Defendants ("Second Claim"); (3) false advertising under Cal. Bus. & Prof. Code § 17500 against Wells Fargo ("Third Claim"); (4) fraud against Wells Fargo ("Fourth Claim"); (5) negligent misrepresentations against Wells Fargo[1] ("Fifth Claim"); and (6) promissory estoppel against all Defendants ("Sixth Claim").

On the same day she filed her Complaint, Plaintiff filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction (Doc. No. 4) ("Application"), seeking a restraining order to stay the trustee's sale of the property where Plaintiff resides in Bermuda Dunes, California. Wells Fargo filed an opposition to the Application on March 13, 2013 (Doc. No. 7). That same day, the Court granted Plaintiff's Application, and restrained and enjoined Defendants from proceeding with the foreclosure and/or selling of Plaintiff's property, until a hearing on an order to show cause why a preliminary injunction should not issue.  (September 13, 2012 Order (Doc. No. 9) ("Order").)  The Court ordered Plaintiff to post a bond of $1,500 to indemnify Defendants against damaged suffered during the pendency of the temporary restraining order.  (Id. at 3.)  On March 22, 2013, Plaintiff deposited $1,500, via certified funds, with the Clerk.  (See Doc. No. 14.)

The Court further ordered Plaintiff to submit any additional documents in further support of the Application no later than March 18, 2013.  Any opposition was ordered to be filed no later than March 20, 2013. (Id. at 3-4.)

---

[1]Plaintiff brings this claim against JPMorgan Chase.  JPMorgan Chase is not a named party in this action, however.  Presumably, Plaintiff erred.  The Court gives Plaintiff the benefit of the doubt, and assumes that this claim was brought against Wells Fargo.

MINUTES FORM 11                                      Initials of Deputy Clerk ___md____
CIVIL -- GEN                          Page 2

EDCV 13-00462-VAP (DTBx)
DENA GUGLIELMELLI, AN INDIVIDUAL v. WELLS FARGO BANK, N.A., ETC., ET AL.
MINUTE ORDER of March 26, 2013

Plaintiff did not file any additional documents in support of the Application.  On March 20, 2013, Wells Fargo filed a Response to Order to Show Cause Re: Preliminary Injunction (Doc. No. 13) ("Response"), along with the Declaration of Michael Dolan (Doc. No. 13-1) ("Dolan Declaration") and Exhibits A-J.  NDEx has not filed an opposition.

## B.    Factual Background

Plaintiff is owner of a property commonly known as 79220 Port Royal Avenue, Bermuda Dunes, California 92203 (the "Property").

On May 2, 2006, Plaintiff entered into written loan agreements with the World Savings Bank, FSB ("World Savings") (the "Loan").  (Declaration of Dena Guglielmelli (Doc. No. 5) ("Guglielmelli Declaration") ¶ 3.)  World Savings agreed to loan her $260,000 secured by a Deed of Trust on the Property.  (Id.)

Wachovia purchased the assets of World Savings, and Wells Fargo purchased the assets of Wachovia.  (Id. at ¶ 4.)  With the acquisition, Wells Fargo acquired Plaintiff's Loan on the property.  (Id.)

Plaintiff has been in default on the Loan since the payment due on January 15, 2010.  (Dolan Declaration ¶ 13.)

On June 22, 2011, Plaintiff met Dwan Wilson,[2] a loan adjuster for Wells Fargo.  (Guglielmelli Decl. ¶¶ 6-7.)  Wilson informed Plaintiff that she qualified for a loan modification, she was pre-approved for a loan modification, any arrearage incurred under the Loan would be included in the loan modification and trailed to the end of the loan term, and Wells Fargo would not proceed with any foreclosure activity on the Property.  (Guglielmelli Decl. ¶ 7.)

_____

[2]The parties spell Wilson's first name slightly differently (D'wan versus Dwan).  Based on Exhibit A to the Dolan Declaration, it appears that the correct spelling is Dwan.

MINUTES FORM 11                                    Initials of Deputy Clerk ___md____
CIVIL -- GEN                         Page 3

EDCV 13-00462-VAP (DTBx)
DENA GUGLIELMELLI, AN INDIVIDUAL v. WELLS FARGO BANK, N.A., ETC., ET AL.
MINUTE ORDER of March 26, 2013

Plaintiff was pursuing alternate loans and refinancing.  (Guglielmelli Decl. ¶ 8.)  Relying on the statements made Wilson to her during their meeting,  Plaintiff halted her search for alternate loans and refinancing.  (Id.)

On August 15, 2011, Wachovia sent Plaintiff a letter, signed by Dwan Wilson, stating that the bank was "unable to offer [her] assistance under the Home Affordable Modification Program [HAMP] . . . because an affordable payment equal to 31% of your reported monthly gross income cannot be reached without changing the terms of your loan beyond the requirements of the program."  (Ex. A to Dolan Decl. ("August 15, 2011 Letter").)[3]  The August 15, 2011 Letter further stated that Plaintiff had 30 calendar days from the date of the letter to contact Wachovia to discuss the reason for non-approval for a HAMP modification or to discuss other alternatives.  (Id.)  The letter went on to state that Plaintiff's loan "may be referred to foreclosure during this time, and any pending foreclosure action may continue.  However, no foreclosure sale will be conducted and you will not lose your home during this 30-day period, or any longer period required to review supplemental material you may provide in response" to the letter.  (Id.)

On September 25, 2012, Plaintiff, through her representative, Alice Brooks, applied for a loan modification.  (Dolan Decl. ¶ 16.)  On October 3, 2012, Wells Fargo contacted Plaintiff regarding her request, listed additional documents that were needed, and requested Plaintiff send those documents to Wells Fargo, for receipt no later than November 2, 2012.  (Ex. C to Dolan Decl. ("October 3, 2012 Letter").)  The letter also stated that "depending on when [Wells Fargo] receive[s] the documentation required for [their] review, they may not be able to stop a pending foreclosure sale or postpone an initial foreclosure sale date."  (Id.)

On October 31, 2012, NDEx, a trustee under the deed of trust, recorded a notice of default and election to sell the Property ("NOD").  (Guglielmelli Decl. ¶ 10.)

---

[3]Wells Fargo states that it sent the letter, but Wachovia's letterhead appears on the letter.  The letter, however, indicates that Wachovia is a division of Wells Fargo Bank, N.A.  Moreover, the loan number on this letter matches the loan number on the Deed of Trust.  (See Ex. A to Compl.)

EDCV 13-00462-VAP (DTBx)
DENA GUGLIELMELLI, AN INDIVIDUAL v. WELLS FARGO BANK, N.A., ETC., ET AL.
MINUTE ORDER of March 26, 2013

Immediately after receiving the NOD, Plaintiff contacted Wells Fargo. (Guglielmelli Decl. ¶ 14.)  Plaintiff was informed that the NOD was recorded in error, that she was approved for a loan modification, and that her loan would be permanently modified.  (Id.)

Wells Fargo did not receive the additional documents requested in the October 3, 2012 Letter by November 2, 2012.  (Dolan Decl. ¶ 17.)  On November 4, 2012, Wells Fargo sent Plaintiff a letter stating that it had not received all of the documentation previously requested.  (Ex. D to Nolan Decl. ("November 4, 2012 Letter").)  Wells Fargo extended the deadline for submitting the documentation to November 19, 2012.  (Id.)  The letter stated that if Wells Fargo did not receive the additional documentation by November 19, 2012, then "the modification request will be considered withdrawn and collection efforts will resume."  (Id.)

Wells Fargo again did not receive the additional documents requested. (Dolan Decl. ¶ 18.)  On November 21, 2012, Wells Fargo sent Plaintiff a letter notifying her that her request was withdrawn because she had not returned the requested documents.  (Ex. E to Dolan Decl. ("November 21, 2012 Letter").)

On January 28, 2013, NDEx recorded a notice of trustee's sale on the Property.  (Guglielmelli Decl. ¶ 16.)  The trustee's sale was initially set for February 27, 2013.  (Id.)  On February 25, 2013, Plaintiff filed an ex parte application for a temporary restraining order in California Superior Court.  (Id. at ¶ 18.)  Plaintiff's application was denied.  (Id. at ¶ 19.)  The trustee's sale was postponed to March 14, 2013.  (Id. at ¶ 20.)  The Court enjoined and restrained the sale of the Property until a hearing on the order to show cause re: preliminary injunction.  (Order at 3.)

## II. LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24-25, 129 S. Ct. 365 (2008); see also Stormans, Inc. v. Selecky, 586 F.3d 1109, 1126-27 (9th Cir. 2009).  "A preliminary injunction is an extraordinary and drastic remedy . . .;

MINUTES FORM 11                                    Initials of Deputy Clerk ___md____
CIVIL -- GEN                         Page 5

EDCV 13-00462-VAP (DTBx)
DENA GUGLIELMELLI, AN INDIVIDUAL v. WELLS FARGO BANK, N.A., ETC., ET AL.
MINUTE ORDER of March 26, 2013

it is never awarded as of right." <u>Munaf v. Green</u>, 553 U.S. 674, 689-90 (2008) (citations omitted).  Moreover, because a preliminary injunction is an extraordinary remedy, the movant must carry his burden of persuasion by a "clear showing." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997); <u>City of Angoon v. Marsh</u>, 749 F.3d 1413, 1415 (9th Cir. 1984).

"[T]he relationship between success on the merits and irreparable harm [is] 'a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" <u>Global Horizons, Inc. v. U.S. Dept. of Labor</u>, 510 F.3d 1054, 1057-58 (9th Cir. 2007).  "To reach this sliding scale analysis, however, a moving party must, at an 'irreducible minimum,' demonstrate some chance of success on the merits." <u>Id.</u> at 1058.  "When . . . a party has not shown any chance of success on the merits, no further determination of irreparable harm or balancing of hardships is necessary." <u>Id.</u>; <u>see also</u> <u>Developmental Servs. Network v Douglas</u>, 666 F.3d 540, 544 (9th Cir. 2011) ("if a plaintiff fails to show that he has some chance on the merits, that ends the matter").

## III. DISCUSSION

The Court first determines whether Plaintiff has demonstrated a likelihood of success on the merits.

### A.   Violation of the Homeowner Bill of Rights against all Defendants ("First Claim")

Plaintiff alleges that Defendants violated certain sections of the Homeowner Bill of Rights (the "HBOR"), by: (1) not providing notice thirty days prior to recording the NOD (Cal. Civ. Code § 2923.55); (2) not providing a proposal for loan modification (Cal. Civ. Code § 2923.6); (3) not providing a single point of contact for all communications about foreclosure and modification (Cal. Civ. Code § 2923.7); (4) initiating foreclosure while Plaintiff's application for loan modification was being processed (Cal. Civ. Code § 2923.6); and (5) not providing notice five business days after the NOD was recorded (Cal. Civ. Code § 2924.9).  (Application at 9.)

These HBOR provisions that Plaintiff alleges Defendants violated did not take effect until January 1, 2013.  The conduct that allegedly violated those provisions took place prior to January 1, 2013.  There is no authority stating that these

EDCV 13-00462-VAP (DTBx)
DENA GUGLIELMELLI, AN INDIVIDUAL v. WELLS FARGO BANK, N.A., ETC., ET AL.
MINUTE ORDER of March 26, 2013

provisions of the HBOR are to be applied retroactively.  See McGough v. Wells
Fargo Bank, N.A., 2012 WL 5199411, at *5, n.4 (N.D. Cal. Oct. 22, 2012).
Accordingly, Plaintiff has not demonstrated a likelihood of success on her claim that
Defendants violated provisions of the HBOR that were effective beginning January
1, 2013.

Plaintiff further alleges that Defendants failed to contact her to discuss
foreclosure alternatives at least 30 days before recording the NOD, in violation of
California Civil Code Section 2923.5.  Wells Fargo, however, complied with the
requirements of the HBOR at the time by providing a declaration of its due diligence
in the NOD.  (See Ex. B to Guglielmelli Decl.)  The declaration in the NOD tracks the
language required by California Civil Code Section 2923.5(b).  See Juarez v. Wells
Fargo Bank, N.A., 2009 WL 3806325, at *2 (C.D. Cal. Nov. 11, 2009) (dismissing
claim under California Civil Code Section 2923.5 because defendant complied with
the requirements by "providing a declaration with the notice of default that it had
complied" with the section).

Accordingly, Plaintiff has not demonstrated a likelihood of success on the
merits on her claim that Defendants violated the HBOR.

## B.   Unfair Business Practices against all Defendants (Cal. Bus. & Prof. Code § 17200) ("Second Claim")

Plaintiff's Second Claim is based on her first claim -- violations of certain
provisions of the Homeowner Bill of Rights.  (Compl. ¶¶ 54, 59; see also Application
at 9.)  As described above, since Plaintiff has not demonstrated a likelihood of
success on the merits of her First Claim, Plaintiff has likewise not demonstrated a
likelihood of success on her Second Claim.

## C.   False Advertising Against Wells Fargo (Cal. Bus. & Prof. Code § 17500) against Wells Fargo ("Third Claim")

Under Cal. Bus. & Prof. Code § 17500, "[i]t is unlawful . . . to make or
disseminate . . . any statement . . . which is untrue or misleading, and which is
known . . . [or] should be known, to be untrue or misleading . . . ."

EDCV 13-00462-VAP (DTBx)
DENA GUGLIELMELLI, AN INDIVIDUAL v. WELLS FARGO BANK, N.A., ETC., ET AL.
MINUTE ORDER of March 26, 2013

Plaintiff alleges that Wells Fargo engaged in false advertising of its HAMP program.  (Compl. ¶ 72.)  Plaintiff points to Wells Fargo's description of loan modifications on its website, in which Wells Fargo allegedly stated that "homeowners are required to submit a loan modification application . . . .  Once, the homeowner is determined for eligibility under Wells Fargo's loan modification programs, Wells Fargo would provide for a permanent loan modification, with payments that are manageable for the borrower." (Id. at ¶ 74.)  Plaintiff argues that Wells Fargo's statements on its website regarding loan modification are false.  Plaintiff, however, does not demonstrate in what way these statements are untrue or misleading, or should be known by Wells Fargo to be untrue or misleading.  Accordingly, Plaintiff has not demonstrated a likelihood of success on the merits on her Third Claim.

### D.    Fraud against Wells Fargo ("Fourth Claim")

Plaintiff alleges that Wells Fargo represented to her that she was preapproved for a loan modification, and that her Property would not be foreclosed upon, but that these representations were false, and Wells Fargo had knowledge of the falsity of these statements.  (Compl. ¶ 81.)

The elements for a claim of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage.  City Solutions, Inc. v. Clear Channel Communications, Inc., 365 F.3d 835, 839 (9th Cir. 2004).

Plaintiff's fraud allegations are premised on the allegedly fraudulent representations regarding Wells Fargo's approval of Plaintiff's loan modification and agreement to halt foreclosure activity, as stated above.  Plaintiff cannot demonstrate the elements of a fraud claim here.

Plaintiff declares that she met with Dwan Wilson from Wells Fargo in June 2011, and declares that Wilson informed her that she was preapproved for a loan modification.  (Guglielmelli Decl. ¶ 7.)  Plaintiff also declares that, during that meeting, Wilson informed her that Wells Fargo would not proceed with foreclosure activity.  (Id.)  Less than two months after her meeting, however, Dwan Wilson notified Plaintiff by letter that Wells Fargo was unable to modify her loan.  (August

EDCV 13-00462-VAP (DTBx)
DENA GUGLIELMELLI, AN INDIVIDUAL v. WELLS FARGO BANK, N.A., ETC., ET AL.
MINUTE ORDER of March 26, 2013

15, 2011 Letter.)  This initial denial occurred more than a year before NDEx recorded a notice of default on the Property.

In September 2012, more than a year after she received the first denial from Wilson, Plaintiff again tried to modify her loan.  (Dolan Decl. ¶ 16.)  In October 2012, Wells Fargo requested additional documents to process her loan modification application, but it appears that Plaintiff never provided these documents.  (See October 3, 2012 Letter; November 4, 2012 Letter; and November 21, 2012 Letter).  Ultimately, Wells Fargo determined that Plaintiff had withdrawn her application because she failed to provide the additional documents requested.

The evidence presented by Wells Fargo –- specifically, the letters sent to Plaintiff –- provide a different perspective to the story presented by Plaintiff, which is based entirely on her own declaration.  The letters, at the least, contradict Plaintiff's account, and place into doubt her ability to demonstrate any of the elements of her fraud claim.  Weighing the evidence presented by both parties at this preliminary injunction stage, Plaintiff has not demonstrated a likelihood of success on the merits on her fraud claim.

## E.    Negligent Misrepresentations against Wells Fargo ("Fifth Claim")

The elements for a claim of negligent misrepresentation are "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages."  Fox v. Pollack, 181 Cal. App. 3d 954, 962 (1986).  "As is true of negligence, responsibility for negligent misrepresentation rests upon the existence of a legal duty, imposed by contract, statute, or otherwise, owed by a defendant to the injured person."  Eddy v. Sharp, 199 Cal. App. 3d 858, 864 (1988).

As Wells Fargo points out (Response at 14), "a financial institution does not owe a borrower a duty not to foreclose if the loan is in default, even if it previously promised not to foreclose, and also does not owe a duty to modify a loan."  Nardico v. J.P. Morgan Chase and Co., 2013 WL 144096, at *1 (N.D. Cal. Jan. 11, 2013); see also Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096

MINUTES FORM 11                                        Initials of Deputy Clerk ___md____
CIVIL -- GEN                          Page 9

EDCV 13-00462-VAP (DTBx)
DENA GUGLIELMELLI, AN INDIVIDUAL v. WELLS FARGO BANK, N.A., ETC., ET AL.
MINUTE ORDER of March 26, 2013

(1991) ("A financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.")  Plaintiff does not demonstrate that defendants owed a duty based on "conduct separate from their usual money-lending role." <u>Nardico</u>, 2013 WL 144096, at *1.  Accordingly, Plaintiff has not demonstrated a likelihood of success on the merits on her negligent misrepresentation claim.

## F.   Promissory Estoppel against all Defendants ("Sixth Claim")

To state a claim for promissory estoppel, Plaintiff must sufficiently allege: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise made; (3) the reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance."  <u>Sateriale v. R.J. Reynolds Tobacco Co.</u>, 697 F.3d 777, 792 (9th Cir. 2012).

Plaintiff alleged that, on June 22, 2011, Dwan Wilson from Wells Fargo "informed [her] that [she] was preapproved for a loan modification" and that Wells Fargo "would not proceed with any foreclosure activity on the subject property." (Guglielmelli Decl. ¶ 7.)  Relying on this, Plaintiff "forewent alternate loans and refinancing."  (<u>Id.</u> at ¶ 8.)

The evidence presented by Wells Fargo with its Response renders the likelihood of success on Plaintiff's Sixth Claim far less certain.  As discussed above, Dwan Wilson notified Plaintiff, less than two months after their meeting, that Plaintiff's loan modification application was denied.  (August 15, 2011 Letter.)  After this denial, Plaintiff did nothing for nearly a year, until September 25, 2012, when she again inquired about a loan modification.  (Dolan Decl. ¶ 16.)  Instead of diligently pursuing this second attempt to modify her loan, she failed to send in the documents requested by Wells Fargo, even after it extended the deadline for her to respond.  (<u>See</u> October 3, 2012 Letter; November 4, 2012 Letter; November 21, 2012 Letter.)

Accordingly, even if an initial promise was made by Wilson to Plaintiff, Plaintiff could not have continued reasonably to rely on it after she received the letter notifying her that the loan modification had been denied.  Upon receipt of this letter, Plaintiff's reliance on the alleged promise should have ceased, and she should have

MINUTES FORM 11                                     Initials of Deputy Clerk ___md____
CIVIL -- GEN                        Page 10

EDCV 13-00462-VAP (DTBx)
DENA GUGLIELMELLI, AN INDIVIDUAL v. WELLS FARGO BANK, N.A., ETC., ET AL.
MINUTE ORDER of March 26, 2013

pursued other options to modify her loan and prevent foreclosure.  This letter was
sent more than a year before NDEx recorded the NOD, so Plaintiff had time to
pursue other financing options, further undercutting the reasonability of any reliance.
Plaintiff, however, did not pursue these options until more than a year later, which
was much too late.  Her injury is not based on her reliance on any alleged promise
by Wilson; instead, her injury is based on her own delay.

Plaintiff, therefore, has not demonstrated a likelihood of success on the merits
on her promissory estoppel claim.

Since Plaintiff has not demonstrated a likelihood of success on the merits on
any of her claims, no further determination of irreparable harm or balancing of
hardships is necessary.  Global Horizons, 510 F.3d at 1058; Developmental Servs.
Network, 666 F.3d at 544.

## IV. CONCLUSION

For the reasons set forth above, the Court VACATES the Order to Show
Cause Re: Preliminary Injunction, DISSOLVES the temporary restraining order, and
DENIES Plaintiff's request for a preliminary injunction.

**IT IS SO ORDERED.**